### SUCCESSION OF WILLIAM D. SMITH.

Where the defence set up to a recovery upon a contract is the insanity of the obligor, it must be shown that the mental derangement was notorious when the contract was entered into, where there had been no interdiction of the party sought to be charged.  C. C., 1781.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*W. H. Hunt*, for executrix and appellant. *J. W. Duncan, Horner, Eggleston* and *McConnell*, for opponents and appellees.

BUCHANAN, J. Various persons claim to be creditors of this succession, whose claims are not recognized by the executrix as just. Their oppositions to a provisional account of administration having been sustained by the District Court, the executrix has appealed in relation to two of the claims thus allowed.

1st. *Battersly* and *Watson* claim $7774 56, amount (including costs of protest) of a bond subscribed by the deceased *William B. Smith* at Liverpool, on the 10th August, 1854. This claim is evidenced by the production of the bond, the signature of which is not disputed, and by correspondence of *Smith*.

2d. *Sybrandt* and *Nevins* claim $437 83 by book account against one *Gale*, which the deceased *Smith* assumed and promised to pay—as proved by two witnesses, *Hopkins* and *Andrews*.

The defence set up by the executrix is insanity of *Smith*. But the evidence does not make out this defence. It is clear that the mental derangement which some of the witnesses attribute to him was not notorious, as required by the 3d rule of Article 1781 of the Code, in cases where there has been no interdiction. Neither is it shown that the persons who contracted with *Smith* were aware of a derangement of his intellects when they so contracted.

The contracts in themselves contain no indication of insanity on the part of *Smith*. That of *Battersly* and *Watson*, at least, was much more than thirty days previous to the death of *Smith*, and no application was ever made for *Smith's* interdiction. C. C., Art. 396; Art. 1781, rules 5 and 6.

It is, therefore, adjudged and decreed that the judgment of the District Court be affirmed, with costs.